Argued and submitted February 27, affirmed April 10, 2002

# STATE OF OREGON,
*Respondent,*

*v.*

# NELSON JAMES WILCOX,
*Appellant.*

006015; A110568

43 P3d 1182

David Groom, Oregon Public Defender, and Laura Frikert, Deputy Public Defender, filed the brief for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Douglas F. Zier, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer, Judge, and Osborne, Judge pro tempore.

BREWER, J.

**BREWER, J.**

Defendant appeals from a judgment convicting him of harassment, ORS 166.065.[1] In a single assignment of error, defendant asserts that the trial court erred in admitting into evidence incriminating hearsay statements made by defendant's wife (the victim). Defendant argues that the statements were not admissible under the domestic violence exception to the hearsay rule, OEC 803(26), and, alternatively, that their admission violated his confrontation rights under Article I, section 11, of the Oregon Constitution, and the Sixth Amendment to the United States Constitution. We affirm.

Except as noted, the facts are undisputed. At approximately 3:00 a.m. on January 20, 2000, the victim, upset and crying, called a friend. The victim told her friend that she had been drinking. Shortly after the call began, the telephone line went dead. The friend was concerned about the victim and, at about 3:10 a.m., had her boyfriend call the police to have them check on the situation. At 3:20 a.m., the police arrived at the home of defendant and the victim. The house was dark, and the police knocked loudly on the door. Defendant opened the door while holding a shotgun. After several police requests, defendant put the gun down. The victim was inside the house and was visibly upset, shaking, and crying. She told Officer Sealy that she had argued with defendant and that he had grabbed her shoulders and shoved her head back against the wall, causing her substantial pain. The victim told Sealy that her pain rated a level of five on a zero to ten scale. A domestic abuse response officer was then called to talk to the victim. The officer found the victim "quite upset. Very upset. And sad." While the officers remained at the scene for the next 90 minutes, the victim remained tearful and complained that her head hurt.

---

[1] ORS 166.065 provides, in part:

"(1) A person commits the crime of harassment if the person intentionally:

"(a) Harasses or annoys another person by:

"(A) Subjecting such other person to offensive physical contact[.]"

Defendant was arrested on suspicion of domestic abuse and was transported to jail. In response to police questioning, defendant admitted grabbing the victim by her upper arms to keep her from leaving the house, sitting her down in a chair while holding onto her, and taking money from her shirt pocket. Defendant stated that he had been drinking. He told police that he did not remember whether the victim had hit her head. Later in the morning of January 20, the victim told an investigator that her argument with defendant had been entirely verbal and that she was not injured.

Defendant was charged with harassment and fourth-degree assault.[2] The victim was subpoenaed but failed to appear at the jury trial. In light of the victim's failure to appear, the state sought a pretrial ruling that the victim's hearsay statements to the police officers were admissible under OEC 803, which provides, in part:

"The following are not excluded by [OEC 802], even though the declarant is available as a witness:

"* * * * *

"(26)(a) A statement that purports to narrate, describe, report or explain an incident of domestic violence, as defined in ORS 135.230, made by a victim of the domestic violence within 24 hours after the incident occurred, if the statement:

"(A) Was recorded, either electronically or in writing, or was made to a peace officer as defined in ORS 161.015, corrections officer, youth correction officer, parole and probation officer, emergency medical technician or firefighter; and

"(B) Has sufficient indicia of reliability.

"(b) In determining whether a statement has sufficient indicia of reliability under paragraph (a) of this subsection, the court shall consider all circumstances surrounding the statement. The court may consider, but is not limited to, the following factors in determining whether a statement has sufficient indicia of reliability:

---

[2] Defendant was acquitted on the assault charge.

"(A)   The personal knowledge of the declarant.

"(B)   Whether the statement is corroborated by evidence other than statements that are subject to admission only pursuant to this subsection.

"(C)   The timing of the statement.

"(D)   Whether the statement was elicited by leading questions.

"(E)   Subsequent statements made by the declarant. Recantation by a declarant is not sufficient reason for denying admission of a statement under this subsection in the absence of other factors indicating unreliability."

Defendant objected to the state's request, arguing that the victim's statements were not reliable and, thus, were not admissible under OEC 803(26), because the victim was under the influence of intoxicants when the incident occurred and recanted shortly after she made her statements to the police. Defense counsel also argued that there apparently was a substantial delay between the time of the alleged abuse and its report. For the same reasons, defendant argued that admission of the statements would violate his confrontation rights under the Oregon and United States constitutions.

The trial court ruled that the hearsay statements were admissible under OEC 803(26). The court deemed the statements reliable because they were made shortly after the alleged harassment occurred, and the court believed that they were corroborated by the victim's call to her friend. Defense counsel reminded the court that there was no evidence that the victim told her friend that she had been mistreated. The court responded that "[t]he timing was close enough to have been probably fifteen minutes. She made these statements to [the police officer]. The legislature actually allows in any statements made within twenty-four hours. So I am going to allow in a portion of [the] statement * * *."[3] The case then proceeded to a jury trial at which the evidence recounted above was received. On appeal from his ensuing conviction for harassment, defendant renews the

---

[3] The court excluded a portion of the victim's statement that is not material on appeal.

arguments that he made in the trial court concerning the victim's statements.

■ We begin with defendant's statutory argument. *State v. Wilson*, 323 Or 498, 510, 918 P2d 826 (1996). Defendant contends that the victim's statements are not sufficiently reliable to be admitted under OEC 803(26) because the victim had been drinking when the incident occurred, the time of the incident is uncertain with reference to the time of its report, the victim "recanted" shortly after defendant's arrest, and the trial court erroneously relied on the victim's conversation with her friend as corroborating evidence. We disagree.

■ The factors relevant to the existence of sufficient indicia of reliability listed in OEC 803(26)(b) are nonexclusive. If the trial court enumerated improper considerations in support of its ruling, there is no error if the record discloses other grounds for concluding that the statements were supported by sufficient indicia of reliability. *State v. Nielsen*, 316 Or 611, 629, 853 P2d 256 (1993). For the following reasons, the totality of the relevant circumstances furnish the victim's statements with sufficient indicia of reliability.

First, the victim made the statements based on her personal knowledge. OEC 803(26)(b)(A). Second, the victim was upset and crying throughout her encounter with police during their investigation of the incident. Her demeanor was consistent with the reaction of a person who had been physically mistreated. Third, there is no evidence that the victim was under the influence of alcohol or any other substance to the extent that it interfered with her ability to accurately recall and recount the incident. Fourth, the victim's subsequent recantation is insufficient reason, in the absence of other factors indicating that her statements were unreliable, to deny admission of the statements. OEC 803(26)(b)(E). Fifth, although there is no evidence of the precise time that the incident occurred, the circumstantial evidence strongly points to its temporal proximity to the telephone report to police. The report was made in the early hours of the morning, and when the police arrived, the victim was still crying and upset. Although OEC 803(26)(a)(A) requires only that the report have been made within 24 hours of the incident, it

is apparent that the two events actually were much more closely related in time. OEC 803(26)(b)(C).

Finally, the victim's statements were independently corroborated by the circumstances of the call to her friend and by defendant's own statements. The call was made at 3:00 a.m, less than one-half hour before the police interview. The victim was crying and upset, and the call was terminated abruptly, leaving the friend concerned for the victim's safety. Those factors are consistent with the victim's demeanor during the police interview, thus making it less likely that she merely adopted a false front to impress the police with the veracity of her statements. OEC 803(26)(b)(B). Defendant's statements also are consistent with the victim's description of the incident, except that defendant said he could not "recall" whether the victim's head struck the wall when he forcibly placed her in the chair. Both the friend's and defendant's statements thus independently corroborated the victim's statements. *See State v. Reed*, 173 Or App 185, 195-96, 21 P3d 137, *rev den* 332 Or 559 (2001) (holding, for purposes of sexual abuse hearsay exception, OEC 803(18a)(b), that "corroborative evidence" is a broad concept that "encompasses proof that tends to make more certain that the defendant did, in fact, commit the misconduct described in the * * * declarant's hearsay statements"). In sum, the victim's statements were admissible under OEC 803(26).

We turn to defendant's constitutional arguments. Because the Oregon Supreme Court has adopted the reasoning of Sixth Amendment case law in determining whether hearsay declarations are sufficiently reliable to be admitted without violating a defendant's rights under Article I, section 11, *State v. Campbell*, 299 Or 633, 648, 705 P2d 694 (1985), we address defendant's constitutional arguments jointly. To satisfy the Sixth Amendment, hearsay declarations must bear "adequate indicia of reliability." *See State v. Stevens*, 311 Or 119, 140-41, 806 P2d 92 (1991). Adequate indicia of reliability exist if the declarations either fall within a "firmly rooted" hearsay exception or are "supported by particularized guarantees of trustworthiness." *Nielsen*, 316 Or at 627 (quoting *Idaho v. Wright*, 497 US 805, 816, 110 S Ct 3139, 111 L Ed 2d 638 (1990)).

■     The state does not contend that OEC 803(26), enacted in 1999, embodies a "firmly rooted" exception to the hearsay rule. Rather, the state characterizes the exception as "an outgrowth of recent legislative and judicial treatment of unique circumstances that exist in prosecuting crimes arising out of family violence." The state is correct. *See* Testimony, House Judiciary Committee, HB 3395, April 23, 1999, Ex U (statement of Joel Shapiro). Accordingly, we must determine whether the victim's declarations to the officers are supported by particularized guarantees of trustworthiness.

■     That determination is, in some respects, similar to the inquiry under OEC 803(26)(a)(B). However, two constitutional limitations are not present in the statutory rule. First, before hearsay evidence can be admitted over a Confrontation Clause objection, "the prosecution must either produce, or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant." *Ohio v. Roberts*, 448 US 56, 65, 100 S Ct 2531, 65 L Ed 2d 597 (1980). OEC 803(26) does not require that the declarant be unavailable. Here, however, the trial court found that the victim was unavailable, because she failed to appear pursuant to a subpoena. On appeal, defendant concedes that the victim was unavailable, and we accept that concession.

■     The second limitation relates to the role of corroborative evidence. OEC 803(26)(b)(B) treats the existence of independent corroborative evidence as a factor supporting the reliability of the statements of a domestic violence victim. However, other evidence presented at trial that corroborates the truth of a hearsay statement cannot be used to show that the statement itself has *particularized* guarantees of trustworthiness. *Nielsen*, 316 Or at 628-29; *State v. Renly*, 111 Or App 453, 463, 827 P2d 1345 (1992).[4] Instead, the constitutional inquiry is narrow in focus, stating that, "[o]nce the

---

[4] The rationale for that limitation was explained in *Wright*, 497 US at 823:

"[T]he use of corroborating evidence to support a hearsay statement's 'particularized guarantees of trustworthiness' would permit admission of a presumptively unreliable statement by bootstrapping on the trustworthiness of other evidence at trial, a result we think at odds with the requirement that hearsay evidence admitted under the Confrontation Clause be so trustworthy that cross-examination of the declarant would be of marginal utility."

court has considered the competence of the maker of the statements, the character of the statements and the circumstances in which they were made, trustworthiness can be decided, and that inquiry then ends." *Id.* As that principle applies here, defendant's statements to police while in custody and the circumstances of the victim's call to her friend corroborate the victim's statements to police. However, they do so *independently* and, therefore, do not imbue the victim's statements with the constitutionally required particularized guarantees of trustworthiness. *Id.*[5]

Nevertheless, the victim's statements, without regard to independent corroborative evidence, are supported by particularized guarantees of trustworthiness. The statements are based on the victim's personal knowledge, they are detailed and specific, and they were made under surrounding circumstances—including the time of disclosure, the victim's demeanor, and the lack of any evident motive to fabricate—that support their trustworthiness. Accordingly, we conclude that their admission did not violate defendant's rights of confrontation under Article I, section 11, and the Sixth Amendment.

Affirmed.

---

[5] Although such evidence lacks *constitutional* reliability, the legislature has provided that the existence of independent corroborative evidence is an indication that a victim's hearsay statement is reliable. The legislature is free to so provide as long as the courts do not ascribe constitutional relevance to such evidence. *See, e.g., Reed,* 173 Or App at 192 n 5 (describing the independent corroboration requirement of the sexual abuse hearsay exception, OEC 803(18a)(b), as including prerequisites for admissibility *in addition to* confrontation requirements); *see also Renly,* 111 Or App at 463.